UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| | : CHAPTER 7 |
| RICHARD PAUL GLUNK, | : |
| | : Case No. 05-31656(ELF) |
| Debtor. | : |

| | |
|---|---|
| DANIEL H. FLEDDERMAN and | : |
| COLLEEN M. FLEDDERMAN, | : Adversary Proceeding |
| Co-Administrators of the Estate of Amy | : |
| Marie Fledderman, | : |
| | : |
| Plaintiff, | : No. 05-700(ELF) |
| v. | : |
| | : |
| RICHARD PAUL GLUNK, | : |
| | : |
| Defendant. | : |

**MOTION OF DEBTOR TO DISMISS COUNT I OF AMENDED ADVERSARY COMPLAINT PURSUANT TO FED.R.BANK.P. 7012 AND FED.R.CIV.P. 12(b)(6); TO STRIKE IMPERTINENT AND SCANDALOUS MATTER PURSUANT TO FED.R.BANK.P. 7012 AND FED.R.CIV.P. 12(f) AND FOR SANCTIONS**

Defendant and Debtor, Richard Paul Glunk ("Debtor"), by his undersigned attorneys, Weir & Partners LLP, hereby moves this Honorable Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure, for an order dismissing Count I of the Amended Complaint to Determine Dischargeability (the "Amended Complaint") of adversary plaintiffs, Daniel H. Fledderman and Colleen M. Fledderman, Co-Administrators of the Estate of Amy Marie Fledderman, (the "Original Plaintiffs").

The Debtor also moves this Honorable Court, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure, for an order striking those impertinent and scandalous parts of the Amended Complaint where the Plaintiffs attempt to add as plaintiffs, Daniel H. Fledderman and Colleen M. Fledderman ("Amy's Parents") in their individual capacity and the Debtor requests that the Court impose such sanctions as the Court deems appropriate. In support of his Motion, the Debtor states as follows:

1. On August 31, 2005 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") thereby commencing this bankruptcy case (the "Debtor's Case").

2. Though first scheduled for October 13, 2005, due to a continuance requested by the Chapter 7 Trustee, on November 10, 2005, the Debtor appeared for the meeting of creditors pursuant to Bankruptcy Code § 341(a).

3. On November 28, 2005, the Chapter 7 Trustee, Gloria Satriale completed her review of the Debtor's assets, concluded the meeting of creditors, filed a report of no distribution and requested approval thereof.

4. On December 9, 2005, the Original Plaintiffs filed their Complaint to Determine Dischargeability (the "Complaint") on behalf of the Estate of Amy Marie Fledderman ("Amy's Estate"). A true and correct copy of the Complaint is attached hereto as Exhibit "A".

5. On January 11, 2006, the Debtor filed his Motion to Dismiss Count I of the Complaint.

263953-1

6. On January 26, 2006, the Original Plaintiffs filed their Response to the Debtor's Motion to Dismiss Count I of the Complaint

7. On March 2, 2006, this Court held a hearing on the Debtor's Motion to Dismiss Count I of the Complaint

8. On June 12, 2006, this Court entered an Order dismissing Count I of the Complaint because, in their Complaint, the Original Plaintiffs failed to allege (in support of Count I – based upon Bankruptcy Code §523(a)(2)(A)) that any sums were paid to the Debtor by Amy Fledderman ("Amy"). The Court determined that this factual allegation ". . . is an essential element of a claim under §523(a)(2)(A))." See June 12, 2006 Order and memorandum opinion at page 6. The Court granted the Original Plaintiffs an opportunity to amend the Complaint to cure the defect in the Complaint, if possible.

9. On June 29, 2006, the Amended Complaint to Determine Dischargeability (the "Amended Complaint") was filed. A true and correct copy of the Amended Complaint is attached hereto as Exhibit "B" and made a part hereof.

10. In the Amended Complaint, the Original Plaintiffs impermissibly altered the caption by adding Amy's Parents in their individual capacities as plaintiffs (by adding the words "and As" to the caption, as follows:

> DANIEL H. FLEDDERMAN and COLLEEN M. FLEDDERMAN, <u>and As</u> Co-Administrators of the Estate of Amy Marie Fledderman. (Emphasis added).

11. However, in the original Complaint, Amy's Parents were named as plaintiffs <u>only</u> in their capacities as representatives of the estate of their daughter, Amy Marie Fledderman, as follows:

263953-1

DANIEL H. FLEDDERMAN and COLLEEN M. FLEDDERMAN, Co-Administrators of the Estate of Amy Marie Fledderman.

12. By adding the words "and As" to the caption in the Amended Complaint, the Amended Complaint impermissibly inserted Amy Marie Fledderman's parents, Daniel H. Fledderman and Colleen M. Fledderman as plaintiffs in their individual capacity (rather than as originally pled in their representative capacity on behalf of Amy's Estate).

13. Furthermore, in the Amended Complaint, the entire introductory paragraph that appeared in the original Complaint, which specifically stated that Amy's Parents were plaintiffs solely in their representative capacity for Amy's Estate, was excised.[1]

14. The addition of Amy's Parents as plaintiffs in their individual capacity is impermissible, impertinent and fraudulent on the Court because, as discussed more completely below and in the attached memorandum of law, the bar established in Fed.R.Bankr.P. 4007(c) relating to Amy's Parents' alleged dischargeability action ran on December 12, 2005 and this Court had not granted permission for such an amendment, even if it could have done so.

15. In an attempt to avoid the need to file this motion, the undersigned counsel requested that Howard Gershman, Esquire, counsel for the Plaintiffs, and the attorney who both signed and filed the Amended Complaint, revise his Amended Complaint to clarify that the Plaintiffs did not intend to alter the caption or include

---

[1] Removed from the Amended Complaint was the following: "Daniel H. Fledderman and Colleen M. Fledderman, Co-Administrators of the Estate of Amy Marie Fledderman, Plaintiffs herein, through their undersigned counsel, for their complaint against defendant, allege as follows:"

263953-1

Amy's Parents as additional plaintiffs in this adversary proceeding, especially since the time for Amy's Parents to file a dischargeability complaint in their individual capacity passed nearly <u>six months</u> before the filing of the Amended Complaint.

16. Mr. Gershman refused to revise either the caption or the body of the Amended Complaint to remove the wrongfully inserted material contained therein. Further, Mr. Gershman disclosed that he intended to add Amy's Parents as plaintiffs in the Amended Complaint[2] and, as a result, the change in the caption was intentional.

17. For the following reasons, Count I of the Amended Complaint must be dismissed and the insertion in the Amended Complaint of Daniel H. Fledderman and Colleen M. Fledderman as plaintiffs in their individual capacity must be stricken.

**Count I of the Amended Complaint Remains Defective and Must be Dismissed**

18. Tragically, Amy Marie Fledderman died on May 25, 2005, approximately 48 hours after the completion of a liposuction procedure performed by the Debtor.

19. The Amended Complaint alleges that the Debtor should not receive a discharge of the particular debt, if any, owed to Amy's Estate or possibly to Amy's Parents based upon two separate sections of the Bankruptcy Code: Sections 523 (a)(2)(A) and Section 523 (a)(6).[3] The Debtor moves only to dismiss that part of the Amended Complaint based upon Section 523 (a)(2)(A) (Count I).[4]

---

2 Mr. Gershman asserted that Colleen M. Fledderman was already a plaintiff in the original Complaint. The Debtor does not agree.
3 Notably, although Amy's Parents have been added as plaintiffs in their own right, the prayer for relief in Count I and Count II still only seek that one "claim" be determined to be nondischargeable, not multiple claims.
4 Plaintiff's counsel made multiple changes, allegations and insertions into the pleading of Count II as part of the Amended Complaint even though the Debtor had not sought to dismiss that count and the Court did not enter an order permitting its amendment. These changes underscore that the changes to the caption and Count I were not inadvertent.

263953-1

20. In Count I of the Amended Complaint, the Plaintiffs allege that the Debtor enticed Amy or Amy's Parents by false pretenses, a false representation or actual fraud as contemplated by Bankruptcy Code Section 523 (a)(2)(A), to submit to liposuction surgery and that any debt incurred as a result should be declared not dischargeable.

21. The Debtor hereby moves for the entry of an Order dismissing Count I of the Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6), as made applicable hereto by Fed.R.Bankr.P. 7012, because the Amended Complaint fails to state that Amy paid to the Debtor money, property, services or credit as a result of any alleged misrepresentations by the Debtor. As a result, the Amended Complaint failed to state a claim upon which relief can be granted to Amy's Estate and Amy's Parents' action, if any, is barred. For further support of this Motion, the Debtor relies upon the Memorandum of Law submitted herewith in support of this Motion to Dismiss Count I of the Amended Complaint.

**The Court Should Strike all References to Daniel H. Fledderman and Colleen M. Fledderman as Plaintiffs in their individual capacity from the Amended Complaint**

22. Rule 12(f) of the Federal Rules of Civil Procedure, as incorporated into this adversary proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure provides as follows:

> **(f) Motion to Strike.** Upon motion made by a party before responding to a pleading . . . or upon the court's own initiative at any time, the court may order stricken from any pleading any . . . impertinent [or] scandalous matter.

263953-1

23. Debtor respectfully submits that the Amended Complaint's inclusion of additional persons as "plaintiffs" in this adversary proceeding is impertinent and scandalous and the same must be stricken from the Amended Complaint.

24. By adding the language "and As" to the caption in the Amended Complaint, as well as including allegations on behalf of Amy's Parents in Count I and Count II, the Plaintiffs have impermissibly sought to add Amy Marie Fledderman's parents, Daniel H. Fledderman and Colleen M. Fledderman as plaintiffs in their individual capacity (rather than as originally pled in their representative capacity on behalf of their decedent's estate).

25. The attempted addition of Daniel H. Fledderman and Colleen M. Fledderman as plaintiffs in their individual capacity must be stricken because:

    a. The time, under Fed.R. Bankr. P. 4007(c), for Daniel H. Fledderman and Colleen M. Fledderman to file a dischargeability complaint ran on December 12, 2005, six months before the filing of the Amended Complaint; and

    b. Daniel H. Fledderman and Colleen M. Fledderman never requested an extension of time to file a dischargeability complaint prior to the bar date of Fed.R.Bankr.P. 4007(c).

26. Although being an acknowledgment that Amy's Estate cannot state a claim against the Debtor under §523(a)(2)(A), Plaintiffs' attempt to include Amy's Parents as plaintiffs in their individual capacity constitutes an impermissible attempt to end run the applicable bar date of Fed.R.Bankr.P. 4007(c) and, as a result, any and all references in the Amended Complaint to Daniel H. Fledderman and Colleen M.

263953-1

Fledderman as plaintiffs in their individual capacity, must be stricken as impertinent, scandalous and impermissible.

27. For further support of this Motion, the Debtor relies upon the Memorandum of Law submitted herewith in support of this motion to strike all impertinent and scandalous matter from the Amended Complaint.

### Amy's Parents Dischargeability Action is Barred by Fed.R.Bankr.P. 4007(c)

28. Fed.R.Bankr.P. 4007(c) governs the time within which a complaint objecting to the dischargeability of a particular debt must be filed and provides that such a complaint must be filed:

> . . . no later than 60 days after the first date set for the meeting of creditors under §341(a). On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion *shall* be filed before the time has expired." (Emphasis added).

29. The sixty-day deadline to file a dischargeability complaint is jurisdictional and may not be extended after the deadline has passed. *In re Rowland*, 275 B.R. 209 (Bankr. E.D. Pa. 2002).

30. Furthermore, Fed.R.Bankr.P. 9006(b)(3) provides those circumstances when the enlargement of the time to take certain acts is limited and, in the context of the time to file a dischargeability complaint, Fed.R.Bankr.P. 9006(b)(3) provides as follows:

> **(3) Enlargement limited**
> The court may enlarge the time for taking action under Rule[] . . . 4007(c) . . . *only to the extent and under the conditions stated in those rules.* (Emphasis added).

31. In the Debtor's Case, the date first set for the meeting of creditors was October 13, 2005 and, therefore, as provided in the notice of the commencement of

263953-1

Debtor's Case dated September 16, 2005, any adversary complaint asserting the non-dischargeability of a debt owed to Amy's Parents in their individual capacities should have been filed no later than December 12, 2005.

32. The original Complaint, filed by the very same individuals, albeit on behalf of Amy's Estate, was filed timely, on December 9, 2005.

33. No such adversary complaint was filed on or before December 12, 2005 on behalf of Amy's Parents in their individual capacities and no request was made before December 12, 2005 by or on behalf of Amy's Parents to extend the time to file such an adversary complaint as would have been required by Fed.R.Bankr.P. 9006 (or at any time for that matter).

34. The attempt to include Amy's Parents as plaintiffs herein should be stricken from the Amended Complaint.

### Request for Sanctions

35. Undersigned counsel has requested that Howard Gershman, Esquire, counsel for the Plaintiffs, and the attorney who both signed and filed the Amended Complaint, file a revised Amended Complaint to clarify that the Plaintiffs did not intend to alter the caption or the body of the Complaint to include additional plaintiffs not originally named as parties in this adversary proceeding, especially given that the time by which the additional plaintiffs were required to file a dischargeability complaint in their individual capacity passed nearly six months before the filing of the Amended Complaint.

36. Mr. Gershman has refused to revise the caption or body as filed in the Amended Complaint. Further, Mr. Gershman has disclosed that the addition of

263953-1

Daniel H. Fledderman and Colleen M. Fledderman in their individual capacity as plaintiffs in this adversary proceeding was intentional, at least as to Daniel.

37. As a matter of professional courtesy, undersigned counsel for the Debtor has provided Mr. Gershman an opportunity to remedy what the undersigned considers to be an egregious (and apparently intentional) pleading and rule violation, but Mr. Gershman has failed and refused to take any remedial measures. The undersigned has no choice but to request that this Court sanction Mr. Gershman as and to the extent deemed appropriate by the Court and direct Mr. Gershman to satisfy personally the Debtor's fees and costs incurred in connection with the preparation and prosecution of this Motion.

38. 28 U.S.C. §1927 discusses the circumstances under which an attorney may be required to satisfy personally an opponent's fees and costs and provides as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in an case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

39. In this Court's June 12, 2006 Memorandum Opinion dismissing Count I of the Complaint, the Court specifically stated that "[t]he plain language of the statute unambiguously requires, as a threshold matter, that something of value . . . be transferred to the debtor from the creditor to sustain a claim under §523(a)(2)(A). Therefore, but for the Plaintiffs' and Mr. Gershman's subterfuge, the Amended Complaint would not have been filed (and hence, the Debtor would not have been

263953-1

required to file the motion), because, given payment by Amy's Parents and not Amy, Count I of the Complaint could not and should not have been amended at all.

40. For all of the reasons stated above, which are incorporated herein, including Mr. Gershman's refusal to revise the Amended Complaint as demanded, the Debtor respectfully submits that counsel so multiplied the proceedings in this bankruptcy case unreasonably and vexatiously that the Debtor incurred attorneys' fees and costs in the total amount of $5,813.50 for a total of 21.4 hours from June 29, 2006 through July 24, 2006 relating to Debtor's counsel's efforts to convince Mr. Gershman to revise the Amended Complaint and in preparing the Debtor's Motion.

41. The Debtor respectfully requests that the Court require Howard Gershman, Esquire to satisfy the Debtor's fees and costs incurred in the preparation and prosecution of this motion in the amount of $5,813.50, by personally paying same to Weir & Partners LLP on behalf of the Debtor within 7 days of the date hereof or suffer further sanctions upon subsequent motion.

263953-1

WHEREFORE, The Debtor respectfully requests that the Court enter an order dismissing Count I of the Amended Complaint, striking from the Amended Complaint any and all references to Daniel H. Fledderman and Colleen M. Fledderman as plaintiffs in their individual capacity and imposing such sanctions upon Mr. Gershman as the Court deems just and proper under the circumstances.

                                              WEIR & PARTNERS LLP

                                    By:   /s/Jeffrey S. Cianciulli, Esquire
                                                 Kenneth E. Aaron, Esquire
                                                 Jeffrey S. Cianciulli, Esquire
                                                 The Widener Building, Suite 500
                                                 1339 Chestnut Street
                                                 Philadelphia, PA  19107
                                                 (215) 665-8181- Phone
                                                 (215) 665-8464 - Fax
                                                 Attorneys for Debtor

263953-1