# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| | : CHAPTER 7 |
| RICHARD PAUL GLUNK, | : |
| | : Case No. 05-31656(KJC) |
| Debtor. | : |

| | |
|---|---|
| DANIEL H. FLEDDERMAN and | : |
| COLLEEN M. FLEDDERMAN, | : Adversary Proceeding |
| Co-Adminiatrators of the Estate of Amy | : |
| Marie Fledderman, | : |
| | : |
| Plaintiff, | : No. 05-700(KJC) |
| v. | : |
| | : |
| RICHARD PAUL GLUNK, | : |
| | : |
| Defendant. | : |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEBTOR FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO FED.R.BANK.P. 7056 AND FED.R.CIV.P. 56

Defendant and Debtor, Richard Paul Glunk ("Debtor"), by his undersigned attorneys, respectfully submits the following memorandum of law in support of his Motion for Partial Summary Judgment against adversary plaintiffs, Daniel H. Fledderman and Colleen M. Fledderman, Co-Administrators of the Estate of Amy Marie Fledderman, (the "Plaintiffs") pursuant to Fed.R.Civ.P. 56(b), as made applicable hereto by Fed.R.Bankr.P. 7056.

323264-1

I.  **BACKGROUND**

Debtor incorporates herein in its entirety his Motion for Partial Summary Judgment. As discussed in depth below, the Debtor is entitled to entry of judgment in his favor on Count II of the Amended Complaint because following a lengthy trial in the State Court Litigation, a jury definitively determined that the Debtor's conduct that caused Amy Marie Fledderman's injuries and death was not willful and malicious. Resultantly, there is no material issue of fact in dispute and the Debtor is entitled to judgment as a matter of law that any debt owed by the Debtor to the estate of Amy Marie Fledderman not be excepted from the Debtor's discharge.

II.  **ARGUMENT**

A.  Summary Judgment Standard

The purpose of summary judgment is to avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense. *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976), cert. denied, 429 U.S. 1038 (1977). When considering a motion for summary judgment, this Court shall grant such motion "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). When reviewing a motion for summary judgment, this Court will resolve all reasonable doubts and inferences in favor of the nonmoving party. *Arnold Pontiac-GMC, Inc. v. General Motors Corp.*, 700 F. Supp. 838, 840 (W.D. Pa. 1988).

The inquiry into whether a "genuine issue" of material fact exists has been defined

323264-1

by the Supreme Court as whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty-Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Supreme Court articulated the allocation of burdens between a moving and nonmoving party in a motion for summary judgment in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The Court held that the movant had the initial burden of showing the court the absence of a genuine issue of material fact, but that this did not require the movant to support the motion with affidavits or other materials that negated the opponent's claim. *Id.* at 323. The Court also held that Rule 56(e) requires the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions, on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 323, *quoting* Fed.R.Civ.P. 56(e).

In deciding a summary judgment motion, the Court may consider the pleadings, and any other documents of record, such as affidavits, exhibits, and deposition testimony. Fed.R.Civ.P. 56(c). If the complaint, answer, affidavits or other documents show that no material fact is in dispute, and the Court finds that the moving party is entitled to a judgment as a matter of law, summary judgment is appropriate. Fed.R.Civ.P. 56(c).

B.   Debtor's Actions not Willful and Malicious

Bankruptcy Code Section 523 (a)(6) provides "A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt (6) for willful <u>and</u> malicious injury by the debtor to another entity or. . ." 11 U.S.C. §523(a)(6) (Emphasis added). Under this section of the Bankruptcy Code, two distinct mental traits must be established. First, the acts giving rise to the debt must have been "willful", which is defined as "intentional or deliberate". Second the acts giving rise to the debt must have

323264-1

been "malicious" in nature, which is generally defined as wrongfulness and without just cause or excuse. Additionally, a finding of recklessness or negligence is not sufficient to establish willfulness for purposes of excepting a debt from discharge under 11 U.S.C. §523(a)(6). *Kawaauhau v. Geiger*, 523 U.S. 57, 64 (1998); *In re Standard*, 123 B.R. 444, 449 (Bankr. N.D. Ga. 1991).

In the State Court Litigation, the State Court provided the jury with, and requested that the jury answer, certain interrogatories, including the following:

**Interrogatory: Was the conduct of Richard P. Glunk, M.D., that caused plaintiffs' injuries and death willful and malicious?**

**Jury Answer: No.**

There exists no material issue of fact and judgment should be entered in favor of the Debtor and against Plaintiff on Count II of the Amended Complaint because the jury in the State Court Litigation definitively found as a matter of fact that the Debtor's conduct that gave rise to a debt to the Estate of Amy Marie Fledderman was not "willful and malicious". See Verdict Slip (Jury Interrogatory number 10). Given the finding by the jury in the State Court litigation, the Debtor is entitled to a judgment as a matter of law on Count II of the Amended Complaint.

323264-1

### III. CONCLUSION

For all of the foregoing reasons, the Debtor, Richard Paul Glunk, respectfully requests that judgment be entered in his favor and against Plaintiff on Count II of the Amended Complaint.

                              WEIR & PARTNERS LLP

                              By:  /s/ Jeffrey S. Cianciulli
                                      Kenneth E. Aaron, Esquire
                                      Jeffrey S. Cianciulli, Esquire
                                      The Widener Building, Suite 500
                                      1339 Chestnut Street
                                      Philadelphia, PA  19107
                                      (215) 665-8181- Phone
                                      (215) 665-8464 - Fax
                                      Attorneys for Debtor

323264-1