UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL H. FLEDDERMAN and COLLEEN M. FLEDDERMAN, Co-Administrators of the Estate of Amy Marie Fledderman,<br>　　　　　Plaintiffs<br>v.<br>RICHARD PAUL GLUNK<br>　　　　　Defendant | Adversary No. 05-700 |

## JOINT PRE-TRIAL MEMORANDUM

Pursuant to this Court's Order of June 17, 2009, Adversary Plaintiffs and Defendant submit the following Joint Pre-Trial Memorandum:

### I.   BASIS OF JURISDICTION

This is a core proceeding under 28 USC §157(b)(2)(I) and §1334.

### II.   STATEMENT OF UNCONTESTED FACTS

1. Debtor, Dr. Richard Glunk ("Debtor"), a medical doctor licensed to practice in the Commonwealth of Pennsylvania, was engaged to perform a medical procedure on Amy Fledderman ("Amy"). The procedure was performed by Debtor upon Amy on May 23, 2001 in his offices.

2. There was no licensed anesthesiologist in Debtor's office at the time of the Surgery on Amy.

3. Amy died on May 25, 2001. The CP Trial Jury found that Debtor's negligence was a factual cause of Amy's death.

4. A lawsuit was filed by, *inter alia*, the Estate of Amy Fledderman ("Estate") against, *inter alia*, Debtor.

1

5. After jury trial and disposition of post-trial motions, in the Court of Common Pleas of Philadelphia, Pennsylvania (CP Philadelphia, August Term 2001, No. 3619 and February Term 2002, No. 1942) ["CP Trial"], verdicts and judgment were entered against, *inter alia*, Debtor, as more explicitly described in the Jury Verdict Slip.

6. Debtor filed an Appeal of the judgments against him, which appeal remains pending before the Pennsylvania Superior Court, at consolidated dockets 3378 EDA 2008, 3360 EDA 2008 and 3379 EDA 2008 [collectively, "Appeal"]. The Estate filed an appeal on the issue of delay damages docket in the Appeal.

7. The sum of not less than $4,500.00 was paid for Debtor's medical services upon Amy.

### III. STATEMENT OF FACTS WHICH ARE IN DISPUTE

[No facts should be disputed unless counsel expects to present evidence at trial, or genuinely challenges the fact on credibility grounds.]

This is without waiver of right to object on the grounds of relevance.
**Moreover, Defendant contends that the scope of disputed facts as set forth below exceeds the scope of the allegations pleaded in the Amended Complaint and therefore would not be properly at issue.**

1. Whether, but for misrepresentations made by Debtor to Amy, the surgery would not have not taken place.

2. Whether Debtor was paid, and obtained value, for his services.

3. Whether Debtor's office was not licensed for the performance of the type of surgery performed on Amy

3a. Whether Debtor's office was required to be licensed for the performance of the type of surgery performed on Amy

2

4..    Whether Amy was given the option of having a licensed anesthesiologist present during the procedure but declined this option, instead choosing to have a nurse anesthetist present.

5.    Whether Debtor was paid for his services by a check drawn to his order, on the account of Amy's parents, Daniel and Colleen Fledderman.

6.    Whether Debtor represented to Amy and Colleen Fledderman that,

A.    The procedure was "zero risk" for any complications to Amy,

B.    It was as safe to perform the procedure in Debtor's office as in a hospital;

C.    An licensed anesthesiologist would be present for the procedure and would administer the anesthesia;

D.    Monitored anesthesia care, and not general anesthesia, would be used during the surgery; and

E.    A prior procedure performed by Debtor on Amy in 1999 had occurred without complication.

F.    Whether Debtor used a "Main Line/Jefferson Health System" consent form and whether that use falsely suggested that his facility was associated with and operated under the auspices of a large heath system when, in fact, the Debtor was operating a solo practice from an unlicensed facility

7.    Whether Debtor at the time the representations knew:

A.    The procedure carried a substantial risk of serious and or permanent injury, a serious risk of death, and including a form of "blood clot" as a known complication;

B.  Debtor's facility was not appropriately licensed at all as an Ambulatory Surgical Facility and thus could not, under Pennsylvania law, be used to perform the procedure on Amy;

C.  Debtor's facility and staff did not have adequate equipment and training, respectively;

D.  It would have been safer to perform the surgery in a hospital (offered as an option for a higher fee), and that Debtor would have been proctored by another licensed physician;

E.  No anesthesiologist was present at Amy's surgery, but rather a nurse anesthetist;

F.  General anesthesia was used, resulting in Amy being rendered fully unconscious; and

H.  A prior procedure performed by Debtor on Amy in 1999 had resulted in a "rough emergence" from anesthesia.

8.  Whether Debtor was paid, and obtained value, for his services.

9.  Whether the Estate has received some compensation from any source as a result of the CP Trial

10. Whether Debtor omitted to disclose any of the following facts:
that his facility where the surgery was to be performed was not complying with certain state codes, that the facility was not licensed as an "ambulatory surgical facility" as required by state law, and that he needed a surgeon to proctor him in a hospital due to previous mistakes he made performing abdominal liposuction.

11. Whether Debtor's actions or inaction were intended by the Debtor to cause Amy's death.

## IV.   DAMAGES OR OTHER RELIEF SOUGHT

Plaintiff seeks a determination that the liability of Debtor to the Estate as found by the CP Trial, and in the amounts awarded , are excepted from discharge under Sections 523(a) (2) (A) and/or 523(a)(6).

Plaintiff seeks termination of the automatic stay against enforcement of the state court judgment, which stay has been continued pending resolution of this court.

Defendant seeks a verdict in his favor and a denial of all forms of relief requested by Plaintiff.

Whether claims made by Plaintiffs would require waiver of peer review privilege by Defendant.

## V.   LEGAL ISSUES PRESENTED

1) Whether the liability of Debtor to the Estate is excepted from discharge under either 11 USC §523(a)(2)(A) [false representations], and/or 11 USC §523(a)(6) [willful and malicious conduct]

2) Whether the findings of fact and conclusions of legal liability,--e.g., medical negligence, legal and proximate causation of Amy Fledderman's injuries and death, and failure to obtain informed consent,--of the CP Trial are conclusive and finally determined, either as *res judicata* or collateral estoppel, or pursuant to the application of the *Rooker-Feldman Doctrine* upon this Court. Defendant disputes the characterization of this issue.